**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ANTONIO JAMES JIMENEZ,**

**Plaintiff,**

**v.** **Case No.: 6:10-cv-640-Orl-35-KRS**

**GOVERNMENT EMPLOYEES INSURANCE COMPANY,**

**Defendant.**

____________________________/

# ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant's Motion to Dismiss Plaintiff's Complaint (Dkt. 8) and Plaintiff's Response in Opposition thereto. (Dkt. 12) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court hereby **GRANTS in part** and **DENIES in part** Defendant's Motion to Dismiss (Dkt. 8), as described herein.

## I. BACKGROUND

This case arises out of a bad faith action filed by insured Plaintiff, Antonio James Jimenez, against Defendant, Government Employees Insurance Company ("Defendant GEICO"), which insured Plaintiff under an automobile insurance policy ("the Policy"). (Dkt. 1 at ¶¶ 4-5) The Policy provided bodily injury liability coverage for Plaintiff in the amount of $10,000 per person and $20,000 per accident. (Dkt. 1 at ¶ 5; Dkt. 1-2 at 13-14, 33) On March 4, 2006, Plaintiff caused a collision on Interstate 4 that resulted in the death of Pablo Pinedo ("Pinedo"). (Dkt. 1 at ¶ 6) On June 22, 2007, Defendant GEICO

brought a declaratory judgment action against Plaintiff and the Estate of Pinedo in state court to determine its obligations under the Policy. (Id. at ¶ 7; Dkt. 1-5 at 2-5)

Accepting Plaintiff's well-pled allegations as true, in a letter dated July 9, 2007, counsel for the Estate of Pinedo offered to accept the $10,000 Policy limits and settle all claims against Plaintiff arising from the accident. (Dkt. 1 at ¶ 8; Dkt. 1-3 at 2-3) Defendant GEICO did not tender the Policy limits. (Dkt. 1 at 2) On February 15, 2008, the Estate of Pinedo filed a wrongful death action against Plaintiff in state court as a result of the accident. (Id.) Defendant GEICO offered to defend Plaintiff under a reservation of rights in the wrongful death action, but Plaintiff rejected GEICO's offer. (Id.) On December 15, 2008, Plaintiff stipulated to entry of judgment against him in the wrongful death action in the amount of $1,000,000. (Id.; Dkt. 1-4 at 2) On March 17, 2010, the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida issued an Order regarding GEICO's and Plaintiff's Cross Motions for Summary Judgment in the declaratory judgment action. (Dkt. 1 at 3; Dkt. 1-5 at 2-5) Specifically, the Court concluded that "GEICO w[as] responsible for damages to third parties who were inured[,]" and that Defendant GEICO had improperly denied coverage under the Policy. (Dkt. 1 at 3; Dkt. 1-5 at 5)

Plaintiff filed the present action on April 23, 2010, alleging breach of Contract (Count I) and bad faith (Count II). (Id.) In his Complaint, Plaintiff alleges that Defendant GEICO breached its duty of good faith by failing to settle an underlying bodily injury claim against him within the limits of his insurance policy. (Dkt. 1 at 2) Further, Plaintiff alleges that as a result of Defendant GEICO's bad faith, Plaintiff now has a judgment entered against him in favor of the estate of the deceased third party claimant for

$1,000,000, an amount that far exceeds Plaintiff's bodily injury liability policy limits. (Id. at 2-3)

On May 27, 2010, Defendant GEICO moved to dismiss Plaintiff's Complaint alleging that Plaintiff's claims are premature because there is still a declaratory judgment action pending in state court regarding whether coverage was owed to Plaintiff under the Policy. (Dkt. 8 at 1-3) Further, Defendant GEICO contends that Count I, for breach of contract, is merely a disguised action for bad faith and should be dismissed as duplicative. (Id. at 3)

## II. LEGAL STANDARD AND ANALYSIS

The threshold for surviving a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is a low one. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., et al., 711 F.2d 989, 995 (11th Cir. 1983). A plaintiff must plead only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1968-69 (2007) (abrogating the "no set of facts" standard for evaluating a motion to dismiss established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." Berry v. Budget Rent A Car Sys., Inc., 497 F.Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting Twombly, 127 S.Ct. at 1964-65).

In evaluating the sufficiency of a complaint in light of a motion to dismiss, the well pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff. Quality Foods, 711 F.2d at 994-95. However, the court should not assume

that the plaintiff can prove facts that were not alleged. Id. Thus, dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

**A. Duty of Good Faith**

Pursuant to Florida common law, insurers owe "a duty to their insureds to refrain from acting solely on the basis of their own interests in settlement." State Farm Mut. Auto. Ins. Co. v. LaForet, 658 So. 2d 55, 58 (Fla. 1995) (citation and quotation marks omitted). Similarly, Florida statutory law authorizes an insured party to sue its insurer when it does "[n]ot attempt[ ] in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests." FLA. STAT. § 624.155(b)(1). "An insurer . . . has a duty to use the same degree of care and diligence as a person of ordinary care and prudence should exercise in the management of his own business." Boston Old Colony Ins. Co. v. Gutierrez, 386 So. 2d 783, 785 (Fla. 1980) ("Gutierrez"). "The insurer must investigate the facts, give fair consideration to a settlement offer that is not unreasonable under the facts, and settle, if possible, where a reasonably prudent person, faced with the prospect of paying the total recovery, would do so." Id.

Bad faith may be inferred when an insurer delays settlement negotiations without reasonable cause or when "the insurer fails to disclose settlement overtures to the insured . . . ." Powell v. Prudential Prop. & Cas. Ins. Co., 584 So. 2d 12, 14 (3d DCA 1991). While negligence alone does not amount to bad faith, "bad faith may be inferred

from a delay in settlement negotiations which is willful and without reasonable cause." Powell, 584 So. 2d at 14; Cf. DeLaune v. Liberty Mut. Ins. Co., 314 So. 2d 601, 603 (Fla. 4th DCA 1975) (holding that an action based solely on negligence does not rise to the level of bad faith).

A totality of the circumstances test is utilized to determine whether an insurer acted in bad faith in handling claims against its insured. Berges v. Infinity Ins. Co., 896 So. 2d 665, 680 (Fla. 2004). Florida courts consider the following factors to assess the totality of the circumstances:

> (1) [W]hether the insurer was able to obtain a reservation of the right to deny coverage if a defense was provided; (2) efforts or measures taken by the insurer to resolve the coverage dispute promptly or in such a way as to limit any potential prejudice to the insured; (3) the substance of the coverage dispute or the weight of legal authority on the coverage issue; (4) the insurer's diligence and thoroughness in investigating the facts specifically pertinent to coverage; and (5) efforts made by the insurer to settle the liability claim in the face of the coverage dispute.

LaForet, 658 So. 2d at 62-63. If an insurer acts in bad faith, in that its actions were unreasonable under a totality of the circumstances, the insurer must pay the entire judgment entered against the insured in favor of the injured third party, including any amount in excess of the insured's policy limits. Id. at 58.

**B. Whether Plaintiff's Bad Faith Claim is Premature**

Here, Defendant GEICO does not dispute that it owed Plaintiff a duty of exercising good faith in negotiating and reaching a reasonable settlement of the claim. (Dkt. 8 at 5-9) Instead, Defendant GEICO contends that Plaintiff's claim is premature because there has been no determination of liability, damages, and coverage related to

the underlying claim. (Id.) Specifically, Defendant GEICO contends although "the underlying [state] Court has entered an Order on the parties' cross motions for summary judgment, no final judgment has been entered in the coverage action[,] . . . the Court's Order is still subject to a motion for reconsideration[,] . . . [and] any eventual final judgment will be subject to appeal . . . . " (Id. at 8) In response, Plaintiff contends that the state court's March 17, 2010 Order "has the full force and effect of final judgment and the time to appeal the March 17 Order has long since expired." (Dkt. 12 at 3)

In Blanchard v. State Farm Mut. Auto. Inc. Co., 575, So.2d 1289, 1291, (Fla. 1991), the Florida Supreme Court held that there must be some type of conclusion to the underlying litigation of contractual benefits before a bad-faith claim can accrue, and, that such a conclusion must be alleged in the complaint. Under Florida law, "there must first be a determination regarding coverage . . . before an action for bad faith can proceed." Hartford Ins. Co. v. Mainstream Constr. Group, 864 So. 2d 1270, 1272 (Fla. 5th DCA 2005); see also Hamilton v. Allstate Indem. Co., No 8:05-cv-992-T-17-MAP, 2005 WL 2465021, at *3 (M.D. Fla. Oct. 6, 2005) (holding that Plaintiff's bad faith claim was premature because the issue of loss was currently under appeal by both parties in the state court action).

Pursuant to the Florida Declaratory Judgment Act, Florida courts have jurisdiction to:

> [D]eclare rights, status, and other equitable or legal relations whether or not further relief is or could be claimed. . . . The court's declaration may be either affirmative or negative in form and effect and such declaration has the force and effect of a final judgment.

FLA. STAT. § 86.011. Regarding the nature and affect of a declaratory judgment, the Florida Supreme Court opined:

> Under section 86.011, a declaratory judgment has the force and effect of a final judgment. As such, a declaratory judgment is *res judicata* of all matters at issue between the parties and their privies. Through section 86.011, the legislature has clearly stated that declaratory judgments are final judgments. Consequently, we are compelled to find that a declaratory judgment is appealable as a final order regardless of whether the judgment is rendered in a separate declaratory judgment action or as part of a third-party action such as that at issue here.

Canal Ins. Co. v. Reed, 666 So. 2d 888, 891 (Fla. 1996) (citations and quotation marks omitted). If a trial court's Order disposes of the issues raised by the complaint, it operates as an appealable final judgment. See id.

However, an "order merely granting summary judgment is not a final and appealable order because it does not enter judgment for or against a party." Rust v. Brown, 13 So. 2d 1105, 1107 (Fla. 4th DCA 2009) (holding order granting judgment for surviving spouse in a wrongful death claim was neither a final nor an appealable non-final order); see also C&L Transport of Citrus Co., Inc. v. Osteen, 763 So.2d 1217, 1217 (Fla. 1st DCA 2000) (dismissing appeal from order merely granting a motion for summary judgment where order could not be considered appealable pursuant to Rule 9.130(a)(3)(C)(iv)). Florida Rule of Appellate Procedure 9.130 permits the Florida District Courts of Appeal to review certain non-Final Orders and Specified Final Orders. FLA. R. APP. P. 9.130. Specifically, the Rule provides appellate jurisdiction over:

> (2) Appeals of non-final orders in criminal cases shall be as prescribed by rule 9.140.
> (3) Appeals to the district courts of appeal of nonfinal orders are limited to those that
>
> (A) concern venue;
> (B) grant, continue, modify, deny, or dissolve injunctions, or refuse to modify or dissolve injunctions;
> (C) determine
>
> (i) the jurisdiction of the person;
> (ii) the right to immediate possession of property, including but not limited to orders that grant, modify, dissolve or

refuse to grant, modify, or dissolve writs of replevin, garnishment, or attachment;
(iii) the right to immediate monetary relief or child custody in family law matters;
(iv) the entitlement of a party to arbitration, or to an appraisal under an insurance policy;
(v) that, as a matter of law, a party is not entitled to workers' compensation immunity;
(vi) that a class should be certified;
(vii) that, as a matter of law, a party is not entitled to absolute or qualified immunity in a civil rights claim arising under federal law; or
(viii) that a governmental entity has taken action that has inordinately burdened real property within the meaning of section 70.001(6)(a), Florida Statutes;

(D) grant or deny the appointment of a receiver, and terminate or refuse to terminate a receivership.

FLA. R. APP. P. 9.130(2)-(3).

Here, Plaintiff argues and the Court agrees that the state court's March 17, 2010 Order disposed of issues raised by the parties on summary judgment. Specifically, the Order declared that Defendant GEICO's Policy provided coverage for the accident and that Defendant GEICO was "responsible for damages to third parties who were injured." (Dkt. 1-5 at 5) The Order then denied Defendant GEICO's Second Amended Motion for Summary Judgment and granted the summary judgment motions of Plaintiff Jimenez and the Estate of Pinedo.[1] (Id.) However, a review of the record in the state court action reveals that on March 24, 2010, Plaintiff Jimenez and the Estate of Pinedo filed a Motion for Final Judgment.[2] To date, no Order on Plaintiff's Motion for Final Judgment has been entered in the state court action. Therefore, the Court finds that Plaintiff's bad

[1] The Court notes that in the underlying state court action, GEICO was actually the plaintiff and Mr. Jimenez and the Estate of Pinedo were defendants. (Dkt. 1-5 at 2) However, the Court has kept the designations of the parties in the instant litigation the same for ease of reference.

[2] See Case No. 2007-CA-7484-0, *available at* http://myclerk.myorangeclerk.com/CaseDetail.aspx?CaseID=1263235.

faith claim is not ripe for review because the state court's Order merely granted summary judgment, but did not enter final judgment for or against a party. See Rust, 13 So. 2d at 1107. Further, none of the authorized circumstances allowing review of a non-final order appear to exist on the facts of the state court action. See FLA. R. APP. P. 9.130. This case is analogous to those cited by Defendant GEICO in which issues of loss or coverage amounts were currently under appeal in state court and were thus premature. (See Dkt. 8 at 6-7) Accordingly, the court hereby **GRANTS** the alternative relief requested by Defendant GEICO in its motion to dismiss Count II. (See Dkt. 8 at 8) Plaintiff's bad faith claim is stayed pending final resolution of the coverage issue in the state court action.

**C. Whether Plaintiff's Breach of Contract Claim is Duplicative**

In Count I Plaintiff asserts a claim against Defendant GEICO for breach of contract. (Dkt. 1 at 3-4) Defendant GEICO moves to dismiss Count I claiming that is duplicative and really a disguised claim for bad faith. (Dkt. 8 at 9-10)

Under Florida law, the elements of a breach of contract action include: "(1) a valid contract; (2) a material breach; and (3) damages." Hodges v. Buzzeo, 193 F. Supp. 2d 1279, 1283 (M.D. Fla. 2002). In Ernie Haire Ford, Inc. v. Universal Underwriters Ins. Co., 331 Fed. Appx. 640 (11th Cir. 2009), the insured sued its insurer for breach of contract, alleging breach of the insurer's duty to defend and settle. On appeal, the Eleventh Circuit recognized that the breach of contract count was a separate and distinct cause of action against an insurer, and reversed summary judgment granted in favor of the insurer. Id. at 646-47. Specifically, the Eleventh Circuit opined:

> Universal asserts that the district court correctly granted summary judgment because Crown failed to assert that Universal acted in bad faith in refusing to settle for more than $500,000. However, Florida appellate courts often have permitted plaintiffs to assert a breach of contract claim for an allegedly wrongful denial of coverage and to seek damages resulting from that breach. This is true even in circumstances in which the plaintiff has not or could not assert a bad faith claim. We therefore find that, contrary to the district court's conclusions, Crown could establish a valid claim for breach of a contractual duty to defend based on Universal's refusal to settle.

Id.

In his Complaint Plaintiff alleges that: (1) Defendant GEICO had a contractual obligation under the Policy to settle the Pinedo claim up to the bodily injury limits under the Policy; (2) Defendant GEICO breached its contract by failing to settle the Pinedo claim when an offer to settle was made by counsel for Piendo's Estate; and (3) as a direct result of Defendant GEICO's failure to settle, Plaintiff sustained substantial financial damages.[3] (Dkt. 1 at 3) Further, Plaintiff alleges that (1) Defendant GEICO owed a contractual duty unconditionally to defend him in the Pinedo suit; (2) Defendant GEICO breached the contract by refusing to defend him unconditionally; and (3) as a direct result of Defendant GEICO's failure to defend Plaintiff unconditionally, he has sustained substantial financial damages. (Id. at 3-4) Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has sufficiently pled a cause of action for breach of contract under Florida law based on Defendant GEICO's breach of a contractual duty to

[3] Specifically, Defendant GEICO's Policy provides:

> Under Section I, we will pay damages which an insured becomes legally obligated to pay because of:
> 1. Bodily injury, sustained by a person, and
> 2. Damage to or destruction of property,
>
> arising out of the ownership, maintenance, or use of the owed auto or non-owned auto. We will defend any suit for damages under the terms of this policy. We may investigate and settle any claim or suit.

(Dkt. 1 at 3; Dkt. 1-2 at 13)

defend and refusal to settle. See Ernie Haire Ford, 331 Fed. Appx. at 647. Therefore, Count I is not duplicative of Plaintiff's claim for bad faith. Accordingly, Defendant GEICO's Motion to Dismiss Count II is **DENIED**. However, in the interests of judicial economy and efficiency, the Court stays the entire case until the coverage issue in the state court action has been finally resolved.

## III. CONCLSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

A. Defendant GEICO's Motion to Dismiss (Dkt. 8) is **GRANTED in part** and **DENIED in part**, as described, supra;

B. This case is **STAYED** pending resolution of the state court action; and,

C. The **CLERK** is directed to terminate all pending motions and **ADMINISTRATIVELY CLOSE** this case.

**DONE** and **ORDERED** in Orlando, Florida, on this 9th day of July 2010.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record