**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

Case No.: 13-CV-80583-RYSKAMP/HOPKINS

MARGIE TORRES,

Plaintiff,

v.

GEICO GENERAL INSURANCE
COMPANY, INC.,

Defendant.
___________________________/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNTS II AND II OF PLAINTIFF'S COMPLAINT**

**THIS CAUSE** comes before the Court on Defendant's motion to dismiss counts II and III of Plaintiff's complaint **[DE 3]** filed on June 13, 2013. Plaintiff filed a response in opposition **[DE 5]** on June 25, 2013. Defendant replied **[DE 7]** on July 2, 2013. This motion is fully briefed and ripe for adjudication.

## I. Background

Plaintiff Margie Torres ("Plaintiff") brings this action for bad faith, breach of contract, and breach of fiduciary duty against Defendant GEICO General Insurance Company, Inc. ("Defendant"). Plaintiff alleges, *inter alia*, that Defendant acted in bad faith in failing to settle a claim which ultimately resulted in a third-party judgment against her in excess of policy limits. She asserts that this amounted to "a direct and ongoing breach of the contract of insurance" (Count II—Breach of Contract) and a failure to handle her claim "fairly and honestly and with due regard for her interests" (Count III—Breach of Fiduciary Duty). The gist of her complaint

rests on Defendant's overall failure to act "fairly," "honestly," "in good faith," "with complete candor," and "within a reasonable time." These same allegations are asserted for both her bad-faith and breach of fiduciary duty claims.

Defendant moves to dismiss Counts II and III of her complaint, the breach of contract and breach of fiduciary duty claims. Defendant argues that these claims are superfluous and merely disguised claims for bad faith. Plaintiff contests these claims are separate and independent of her bad-faith claim, and in any case, she is allowed to plead these claims in the alternative. For the reasons stated below, the Court finds Plaintiff's claims for breach of contract and breach fiduciary duty are subsumed in her claim for bad faith, and therefore, Defendant's motion is granted.

## II. Legal Standard on Motion to Dismiss

In order to state a claim for relief, Federal Rule of Civil Procedure Rule 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, the Court need not accept legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, "a court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [him]." *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

**III. Discussion**

In moving to dismiss the claims for breach of contract and breach of fiduciary duty, Defendant relies on *QBE Ins. Corp. v. Chalfonte Condo. Apartment Ass'n, Inc.*, 94 So. 3d 541 (Fla. 2012). In that case, the Supreme Court of Florida sought to answer whether "Florida law recognize[s] a claim for breach of implied warranty of good faith and fair dealing by an insured against its insurer based on the insurer's failure to investigate and assess the insured's claim within a reasonable period of time?" *Id.* at 544–45. In finding that Florida does not recognize such a claim, the court held that claims for breach of good faith and fair dealing are subsumed in a statutory bad-faith action codified in Florida Statute § 624.155. *Id.* at 548–49. Section 624.155 provides in pertinent part:

> (1) Any person may bring a civil action against an insurer when such person is damaged:
>
> … … …
>
> (b) By the commission of any of the following acts by the insurer:
>
> 1. Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests. . . .

Fla. Stat. § 624.155(1)(b)(1). This statute "created a first-party bad-faith cause of action and codified prior decisions authorizing a third party to bring a bad-faith action under the common law." *Chalfonte*, 94 So. 3d at 546. "A first-party bad-faith action involves a case in which an insured sues his or her own insurance company for improper denial of benefits." *Id.* at 545 n.1.

"[T]hird-party bad-faith actions involve[ ] a claim in which an insured sues his liability insurance company for bad faith in failing to settle a claim which ultimately results in a third-party judgment against him in excess of the policy limits." *Id.* at 545. After discussing the history of bad-faith claims and the legislative intent behind the statute, the court held that first-party claims for breach of implied warranty of good faith and fair dealing "are actually statutory bad-faith claims that must be brought under section 624.155 of the Florida Statutes." *Id.* at 549. The basis for the court's holding rested upon the nature of a bad-faith claim: comprised within it is "the duty of good faith and fair dealing." *Id.* at 548. "Put differently, the absence of 'good faith' constitutes 'bad faith,' and qualitative descriptions of 'good faith' conduct are often compared to qualitative descriptions of 'bad faith' conduct composed of terms that are simply the antonyms of terms used to describe 'good faith.'" *Id.* at 549 (citing to *Continental Cas. Co. v. City of Jacksonville*, 550 F. Supp. 2d 1312, 1337 (M.D.Fla.2007), *aff'd*, 283 F. App'x. 686 (11th Cir. 2008) (describing "good faith" and "bad faith" as "two sides of the same coin").

While *Chalfonte* was limited to first-party claims, it is easily extended to third-party claims. Specifically, the codification of section 624.155 "ushered out the distinction between first and third-party statutory claims for the purposes of initiating bad faith actions." *Allstate Indem. Co. v. Ruiz*, 899 So. 2d 1121, 1126 (Fla .2005). Indeed, a recent decision in this district recently relied on *Chalfonte* to dismiss claims for breach of contract and breach of fiduciary duty where the plaintiff also asserted a third-party claim for bad faith. *Gov't Emps. Ins. Co. v. Prushansky*, No. 12-cv-80556, 2012 WL 6103220 (S.D. Fla. Dec. 7, 2012). The court found that it was not "significant that *Chalfonte* addressed bad faith claims in the first-party context whereas the instant case concerns the third-party context." *Id.* at *4. Citing *Ruiz*, the court noted that "the historic distinctions between first-party and third-party actions with regard to discovery

purposes was "unjustified" and lacked support under Florida Statute § 624.155." *Id.* (citing *Ruiz*, 899 So. 2d at 1128). Thus, a "breach of contract claim [breach of good faith and fair dealing] is subsumed into the bad faith claim," regardless of whether it is asserted by a first or third party. *Id.* at *3.

For the reasons stated in *Chalfonte* and *Ruiz*, the Court finds that Plaintiff's claim for breach of contract is subsumed by her claim for bad faith under Florida Statute § 624.155. While Plaintiff does not expressly allege a claim for breach of the covenant good faith and fair dealing, Plaintiff's allegations that Defendant's "aforesaid acts or omission" constitute an "ongoing breach of the contract of insurance" indicate that is her intention. Disregarding the fact that Plaintiff fails to cite any specific clause of the insurance contract which she believed was breach, *see Chalfonte*, 94 So. 3d at 548 (a claim for good faith and fair dealing must be "related to the performance of an express term of the contract"), Florida law is clear that a claim for bad faith *is* a claim for failure to act in good faith. *See Prushansky*, 2012 WL 6103220, at *3 ("Indeed, when an insured brings an action against his or her carrier for failure to settle a third party's claim, the action sounds in contract.") (citing *Swamy v. Caduceaus Self Ins. Fund, Inc.*, 648 So. 2d 758, 760 (Fla. Dist. Ct. App. 1994)). Thus, Plaintiff's claim for breach of contract is dismissed.

The Court also finds that Plaintiff's claim for breach of fiduciary duty is subsumed into her claim for bad faith. As explained by *Chalfonte*, the common law action for bad faith, codified in section 624.155, arose from courts' recognition "that insurers owed a duty to their insureds to refrain from acting solely in the insurers' own interests in settlement. This concern gave life to the concept that insurance companies had an obligation of good faith and fair dealing." 94 So. 3d at 545 (citing *Ruiz*, 899 So. 2d at 1125) (internal citations and quotations omitted); *see Prushansky*, 2012 WL 6103220, at *3 ("[T]hird-party insurance claims for bad

faith stemmed from the fiduciary relationship between the insurer and the insured."). In fact, the fiduciary duty between insurers and their insured became known as the "exercise of good faith" or the "avoidance of bad faith." *Ruiz*, 899 So. 3d at 1125. Thus, like a claim for breach of good faith and fair dealing, a claim for breach of fiduciary duty is encompassed within a claim for bad faith. This is readily revealed by looking at Plaintiff's complaint, which lists the exact same allegations for bad faith as for breach of fiduciary duty (*e.g.*, failure to handle Plaintiff's claim "fairly and honestly and with due regard for her interests"). For those reasons, Plaintiff's claim for breach of fiduciary duty is also dismissed. *See Prushansky*, 2012 WL 6103220, at *3 (holding the same).

Plaintiff's argument that she may plead in the alternative is misplaced. In Counts II and III, Plaintiff seeks damages in "the full amount of the excess judgment and accrued interest theron." Florida law is clear that an insurer's liability for an excess judgment is *only* available pursuant to a finding of bad faith against the insurer. *Prushansky*, 2012 WL 6103220, at *4 ("[A]ny duty to defend in excess of the policy limits, by its very definition, could not include a claim for a breach of the contract because the insurance contact would only provide for insurance benefits within its policy limits. It is only through acts constituting bad faith that an insurer is obligated to pay in excess of the policy limits."); *see Gov't Emps. Ins. Co. v. Robinson*, 581 So. 2d 230, 231 (Fla. Dist. Ct. App. 1991) ("[I]n the absence of a finding of 'bad faith,' an automobile insurance carrier's liability is restricted to the amount of its coverage limits."). Moreover, Plaintiff fails to raise allegations for breach of contract or breach of fiduciary duty which are different from the allegations raised in her bad-faith claim. Therefore, Plaintiff's claims for breach of contract and breach of fiduciary duty are, in reality, simply claims for bad faith. For these reasons and the reasons stated above, these claims are dismissed.

## IV. Conclusion

The Court has carefully considered the motion, response, reply, applicable law, and pertinent portions of the record. For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Defendant's motion to dismiss counts II and III of Plaintiff's complaint **[DE 3]** is **GRANTED**. Plaintiff's claims for breach of contract (Count II) and breach of fiduciary duty (Count III) are **DISMISSED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 20 day of November, 2013.

/s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE