**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

ANTONIO JAMES JIMENEZ,

      Plaintiff,

v.                                                        Case No. 6:10-cv-640-Orl-37KRS

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

      Defendant.

## ORDER

This cause is before the Court on the following:

1. Plaintiffs' [sic] Motion for Summary Judgment on Count I (Breach of Contract), Reasonableness of Settlement, and Affirmative Defenses (Doc. 67), filed August 1, 2014;

2. GEICO's Response in Opposition to Plaintiff's Motion for Summary Judgment on Count I (Breach of Contract), Reasonableness of Settlement, and Affirmative Defenses (Doc. 76), filed September 2, 2014;

3. Plaintiff's Reply to GEICO's Response in Opposition to Motion for Summary Judgment (Doc. 77), filed September 16, 2014;

4. GEICO's Motion for Summary Judgment (Doc. 69), filed August 2, 2014;

5. Plaintiff's Response to GEICO's Motion for Summary Judgment (Doc. 74), filed September 2, 2014; and

6. GEICO's Reply to Plaintiff's Response to GEICO's Motion for Summary Judgment (Doc. 78), filed September 16, 2014.

**BACKGROUND**

This action concerns whether Government Employees Insurance Company ("GEICO"): (1) breached any contractual obligations by failing to unconditionally defend and settle a claim against its insured Antonio Jimenez ("Plaintiff") (Doc. 1, ¶¶ 18, 19, 21, 22); and (2) acted in bad faith in handling the coverage dispute, the defense of Plaintiff, the settlement process, and a related coverage dispute (*id.* ¶¶ 27–31). As explained below, the Court finds that the Policy does not impose upon GEICO a duty to settle or a duty to unconditionally defend; however, there remain questions of fact as to whether GEICO acted in bad faith. Thus, Plaintiff's Motion (Doc. 67) is due to be denied, and GEICO's Motion (Doc. 69) is due to be granted in part and denied in part.

**I.   The Policy**

Plaintiff purchased an automobile liability insurance policy from GEICO which provided "bodily injury liability coverage for both Jimenez and Jimenez' vehicle in the amount of $10,000 per person/$20,000 per accident" (the "Policy"). (Doc 1, ¶ 5; Doc. 1- 2.) The Policy obligated GEICO to provide coverage to Plaintiff for the "Policy Period" from March 3, 2006 to September 3, 2006, as follows:

> [GEICO] will pay damages which an *insured* becomes legally obligated to pay because of:
>
> 1. *bodily injury*, sustained by a person, and
> 2. damage to or destruction of property,
>
> Arising out of the ownership, maintenance or use of the *owned auto* or a *non-owned auto*. [GEICO] will defend any suit for damages payable under the terms of this policy. [GEICO] may investigate and settle any claim or suit.

(Doc. 1-2, p. 13.) Aside from Plaintiff—the insured—the Policy covers "any other person or organization for his or its liability because of acts or omissions of an *insured*." (*Id.* p. 14.)

2

## II. The Underlying Action

On March 4, 2006, Plaintiff caused a car accident, killing two people, including Pablo Pinedo, and injuring others. (Doc. 67-5; Doc. 69-2.) Originally, Plaintiff contended that his car had been stolen and that he was not involved in the accident. (Doc. 67-5; Doc. 69-3.) He provided police officers with sworn written statements of vehicle theft and signed a Stolen Vehicle Affidavit. (Doc. 69-3.) Plaintiff advised GEICO that he had left his keys in the trunk of his car and that the car was stolen before the collision. (Doc. 69-6.) That same month, GEICO began its investigation of theft, and, after learning of the deaths and injuries in the accident, it began its investigation of the accident. (Doc. 69-4; Doc. 69- 5; Doc. 69-7.) On March 21, 2006, GEICO sent Plaintiff a reservation of rights ("ROR") letter advising him that coverage may not apply "because the driver of the vehicle may not be an insured under the Policy as defined in Section I Liability Coverages-Persons Insured." (Doc. 69-7.)

In April of 2007, GEICO learned of Plaintiff's misrepresentations regarding the accident when he plead guilty to leaving the scene of an accident. (Doc. 67-1; Doc. 67- 2.) Prior to this, GEICO turned down a demand for ten thousand dollars ($10,000.00) from one of the injured persons. (Doc. 69-15). GEICO also unsuccessfully attempted to: (1) set up a global settlement conference (Docs. 69-9, 69-10, 69-11, 69-12); (2) get in touch with Pinedo's family and attorney, none of whom appeared at the global settlement conference (Docs. 69-20, 69-21, 69-22, 69-23, 69-25); and (3) set up mediation after realizing that the Policy would not cover all of the liabilities (Doc. 69-21).

In July of 2007, GEICO filed an action in state court seeking a declaratory judgment that the Policy did not provide coverage to Plaintiff for the accident. (Doc. 69-41.) On

July 9, 2007, while the declaratory judgment action was pending, Pinedo's estate advised GEICO that it would accept ten thousand ($10,000.00) in bodily injury liability benefits in exchange for a complete release of all claims against Plaintiff, and that the offer would expire in twenty (20) days. (Doc. 69-42.) GEICO rejected the offer, notifying Pinedo's estate that it would not pay out the policy proceeds until the coverage issue was resolved. (Docs. 69- 45, 69-46, 69-48.)

Subsequently, Pinedo's estate filed a wrongful death suit against Plaintiff. (Doc. 69-48.) Plaintiff refused GEICO's offer to defend him under a reservation of rights (Docs. 69-51, 69-52), and he stipulated to a judgment in favor of Pinedo's estate that was ultimately entered against him in the amount of one million dollars ($1,000,000.00) (Doc. 69-53). In 2010, the trial court in the declaratory action found that Plaintiff's misstatements were not material and therefore GEICO had improperly denied coverage under the Policy. (Doc. 1-5, pp. 4–5.) The basis for the materiality determination was that "the misrepresentation had no effect on either the coverage or the recovery possible under the policy. In either scenario—whether [Plaintiff] was driving or he left his keys in the truck—GEICO would be responsible for damages to third parties who were injured." (*Id.* at 4.) The trial court ruling was affirmed by the Fifth District Court of Appeal. (Doc. 25- 1.)

### III. The Instant Action

On April 23, 2010, Plaintiff sued GEICO for breach of contract for failure to settle and unconditionally defend him and for bad faith. (Doc. 1.) The parties filed cross motions for summary judgment. (*See* Docs. 67, 69.) Both submitted their responses (*see* Docs. 74, 76) and their replies (*see* Docs. 77, 78). The Court heard oral argument

on the issues on October 15, 2014. (Doc. 83.) The matter is now ripe for adjudication.

## STANDARDS

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A movant carries its burden by showing that there is an absence of evidence supporting the non-movant's case. *Denney v. City of Albany*, 247 F.3d 1172, 1181 (11th Cir. 2001). The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show a genuine issue for trial. *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006).

A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict" for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Which facts are material depends on the underlying substantive law. *Id.*

The Court must view the evidence and all reasonable inferences drawn from the evidence in the light most favorable to the non-movant. *Battle v. Bd. of Regents*, 468 F.3d 755, 759 (11th Cir. 2006). However, "[a] court need not permit a case to go to a jury . . . when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible.'" *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 743 (11th Cir. 1996).

## DISCUSSION

### I. Breach of Contract (Count One)

Plaintiff contends that GEICO breached the Policy "by failing to settle the Pinedo claim when it was presented" and "by refusing to unconditionally defend Plaintiff in the

Pinedo suit." (Doc. 1, ¶¶ 19, 22.) To establish his breach of contract claim, Plaintiff must prove: (1) the existence of a valid contract; (2) a material breach; and (3) resulting damages. *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999). GEICO has adequately shown that, even viewing the evidence in the light most favorable to Plaintiff, there is no genuine issue of material fact regarding breach of contract because the Policy did not impose a duty to settle or unconditionally defend.[1]

### A. Duty to Settle

Plaintiff contends that, under the Policy, GEICO had a duty to settle. (*See* Doc. 67, p. 12 ("The Policy imposed all the [sic] duty to settle claims upon GEICO."), p. 13 (arguing that GEICO "breach[ed] its contractual duty to settle . . ..").) Under Florida law, insurance policies are construed according to the meaning of the plain language within the policy. *See Taurus Holdings, Inc. v. US Fid. & Guar. Co.*, 913 So. 2d 528, 532 (Fla. 2005). Thus, "if a policy provision is clear and unambiguous, it should be enforced according to its terms . . . ." *Auto-Owners Ins. Co. v. Anderson*, 756 So.2d 29, 33–34 (Fla. 2000).

The Policy provides that GEICO "*will* pay damages" and "*will* defend any suit," but does not state that GEICO *will* settle any claim. (Doc. 1-2 (emphasis added).) Rather, it provides that GEICO "*may* . . . settle any claim or suit." (*Id.* (emphasis added).) Thus, the

---

[1] As a preliminary matter, Plaintiff urges the Court to adopt an Arizona court's conclusion that "no court action is required to *create* a legal obligation" and that an insured may be legally obligated to pay "[e]ven in the absence of a civil lawsuit against the insured or a court order requiring the insured to make a payment." *Desert Mountain Prop. Ltd P'ship v. Liberty Mut. Fire Ins. Co.*, 225 Ariz. 194, 201 (Ariz. Ct. App. 2010). The Defendant advises the Court of the contrary position that "in order for an insured to be 'legally obligated,' there must have been either a final judgment or a settlement as the result of a suit." *See Builders Mut. Ins. Co. v. Dragas Mgmt. Corp.*, 793 F. Supp. 2d 785, 794 (E.D. Va. 2011). Resolution of this issue is not necessary to the disposition of the pending motions. Nonetheless, this Court is skeptical that the Florida Supreme Court would embrace the Arizona court's position on this issue.

plain language of the Policy only requires GEICO to pay damages and defend suit; it does not impose a contractual duty on GEICO to settle a claim.

Plaintiff argues that *Ernie Haire Ford, Inc. v. Universal Underwriter's Ins. Co.* requires a contrary conclusion. 331 F. App'x 640 (11th Cir. 2009). The Court is not persuaded.[2] In *Ernie Haire*, the Eleventh Circuit reversed summary judgment for the insurance company noting in dicta that, depending on policy language, evidence of an insurer's refusal to settle may create an issue of fact in the larger context of whether the carrier breached its duty to defend. *Id.* at 647. Ultimately, the court's decision was premised solely on the breach of a contractual duty to defend, not a duty to settle. *Id.* Neither the holding nor dicta of *Ernie Haire* support the proposition that there is a duty to settle when the language of the policy does not so require.[3]

### B. Duty to Defend

Plaintiff claims that GEICO breached the Policy "by refusing to unconditionally defend Plaintiff in the Pinedo suit." (Doc. 1, ¶¶ 21, 22.) Where, as here, a policy imposes a duty to defend on an insurer, whether the duty is triggered is determined solely by the allegations of the complaint against the insured. *McCreary v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n*, 758 So. 2d 692, 695 (Fla. 4th DCA 2000). In evaluating an insurer's defense of its insured, facts about how the defense was conducted may be relevant to whether the insured satisfied its duty to defend. *Ernie Haire*, 331 F. App'x at

---

[2] *Ernie Haire*, 331 F. App'x 640, is an unpublished opinion. The U.S. Court of Appeals for the Eleventh Circuit does not consider unpublished opinions to be binding. Opinions, www.ca11.uscourts.gov/opinions.

[3] Additionally, Plaintiff's reliance on *Gallagher v. Dupont*, 918 So. 2d 342 (Fla. 5th DCA 2005) and *Southern Bell Telephone and Telegraph Company v. Hanft*, 436 So. 2d 40 (Fla. 1983) is unpersuasive because neither of those courts were considering a duty to settle when they found that the insurer had breached the contract.

7

647.

The duty to defend is not an "unconditional" one and may be satisfied by an insurer's offer to defend under a reservation of rights. *Roger Kennedy Const., Inc. v. Amerisure Ins. Co.*, 506 F. Supp. 2d 1185, 1193 (M.D. Fla. 2007) ("It is well established under Florida law that an insurer may defend its insured pursuant to a reservation of rights and that an insurer does not breach its duty to defend by providing a defense pursuant to a reservation of rights."); *Travelers Indem. Co. of Ill. v. Royal Oak Enter., Inc.*, 344 F. Supp. 2d 1358, 1370 (M.D. Fla. 2004) ("[A]n insurer does not breach its duty to defend by offering to defend only under a reservation of rights."); *Griffin Roofing Co., Inc. v. DSH Developers, Inc.*, 442 So. 2d 396, 396–97 (Fla. 5th DCA 1983) ("It is well settled that an insurer may provide a defense to its insured while reserving the right to later challenge coverage, if timely notice of such reservation is given to the insured.").

GEICO offered to defend Plaintiff under a reservation of rights and appointed an attorney to defend him in the action by Pinedo's estate, and Plaintiff rejected these offers. (Doc. 69, pp. 10–11, 25; Doc. 76, p. 3; Doc. 69-51; Doc. 69-52.) Plaintiff cites to no authority for the proposition that the duty to defend is "unconditional" nor has the Court found any authority for that proposition. GEICO has therefore satisfied its duty to defend and did not breach the Policy. As such, GEICO's Motion for Summary Judgment on Count One is due to be granted.

## II.   Bad Faith (Count Two)

Although the Policy did not explicitly require GEICO to settle a claim against Plaintiff, under Florida law, GEICO may be liable if its failure to settle violated GEICO's

duty to act toward Plaintiff in good faith.[4] Insurers owe a duty to their insureds to act in good faith, which is determined under the totality of the circumstances. *Berges v. Infinity Ins. Co.*, 896 So. 2d 665, 680 (Fla. 2004). An insurer acts in bad faith and is thus subject to liability when it fails to "attempt[ ] in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly towards its insured." Fla. Stat. § 624.155(1)(b)(1). In evaluating an insurer's conduct in handling claims involving a coverage issue, the Florida Supreme Court directs consideration of the following factors: (1) whether the insurer was able to obtain a reservation of the right to deny coverage if a defense were provided; (2) efforts or measures taken by the insurer to resolve the coverage dispute promptly or in such a way as to limit any potential prejudice to the insureds; (3) the substance of the coverage dispute or the weight of legal authority on the coverage issue; (4) the insurer's diligence and thoroughness in investigating the facts specifically pertinent to coverage; and (5) efforts made by the insurer to settle the liability claim in the face of the coverage dispute. *State Farm Mut. Auto. Ins. Co. v. Laforet*, 658 So. 2d 55, 63 (Fla. 1985).

GEICO asserts that it acted in good faith belief when it brought the declaratory judgment action and denied all offers to settle until the coverage issue was resolved because it "had a right to seek a judicial determination of whether [Plaintiff] breached the terms of the Policy and was no longer afforded coverage." (Doc. 78, p. 6.) It argues that Plaintiff vitiated his coverage and breached the terms of the Policy by a condition

---

[4] The Court's finding that there was no contractual duty to settle does not relieve Defendant from the good faith effort to settle liability claims. As previously noted by Judge Scriven in her ruling on Defendants Motion to Dismiss (Doc. 21), the alleged breach of contract for failure to settle is a separate and distinct cause of action from that of bad faith. (*See* Doc. 76, p. 8; Doc. 21).

subsequent—that is, his "multiple acts of fraud"—and, in doing so, created the coverage issue. (Doc. 69, p. 18 ("GEICO's settlement efforts would have continued but for [Plaintiff's] fraud and the facts show that it was [Plaintiff], not GEICO, that created the coverage issue."); Doc. 78, p. 6.) The reasonableness of this contention and the refusal to settle in reliance on it is a question of fact. It is a jury's duty to determine whether GEICO's course of action—bringing a declaratory judgment action to potentially vitiate coverage because of its insured's false statement (*see* Doc.69- 45)—was reasonable in light of the possibility that its insured may then be exposed to unlimited liability. *See Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co.*, 483 F.3d 1265, 1278 n. 10 (11th Cir. 2007) ("Florida courts have repeatedly held that the question of failure to act in good faith with due regard for the interests of the insured is for the jury.")

GEICO relies on *Pozzi Window Co. v. Auto-Owners, Ins.* in support of its contention that a determination of "good faith" is a matter of law on the instant facts. 446 F.3d 1178, 1188–89 (11th Cir. 2006); (Doc. 69, pp. 16–17.) Although the *Pozzi* court granted summary judgment in favor of the insurer after finding that the *Laforet* factors weighed in its favor, it made this determination *only after* finding that the insurer "believed reasonably and in good faith that the claims were not covered." 446 F.3d at 1188. GEICO submits that it was acting in good faith when it questioned coverage and brought the declaratory judgment action. (Doc. 69, pp. 17–19; Doc. 78, p. 6.) Plaintiff submits evidence to the contrary, including affidavits of some of GEICO's claims investigators who admittedly knew that Plaintiff would have been comparatively negligent if he had left keys in his car, in which case coverage would still apply. (*See* Doc. 68-1, 22:5–22; Doc. 67, pp. 5–6; Doc. 1- 2.) The facts here demonstrate a material issue as to whether GEICO

believed reasonably and in good faith that the claims were not covered, compelling a different result than that reached in *Pozzi*.[5]

Ultimately, Plaintiff was exposed to liability far in excess of the policy limits (*see* Doc. 69-53) even though he could have been released from all liability if GEICO had settled with Pinedo's estate when the opportunity was presented (*see* Doc. 69-42). Looking at the facts in the light most favorable to the non-moving party, at minimum a question of fact—whether GEICO acted in good faith when it failed to settle the Pinedo claim between July 9, 2007 and July 29, 2007 in reliance on the pending declaratory judgment action—still exists. As such, GEICO's Motion for Summary Judgment on Count Two is due to be denied.

### III.  Damages and Reasonableness of Settlement

Plaintiff moves for summary judgment on the issue of damages and the reasonableness of the settlement. (Doc. 67, pp. 7–9.) The reasonableness of the stipulated judgment and other conditions related to settlement as well as Plaintiff's damages are jury issues. Plaintiff's motion for summary judgment in this respect is denied.

---

[5] Additionally, Defendant maintains that it satisfied the *Farinas* factors, which Florida courts consider when an insurer is attempting to settle multiple claims with minimal policy limits. *Farinas v. Fla. Farm Bureau Gen. Ins., Co.*, 850 So. 2d 555, 560 (Fla. 4th DCA 2003). Under *Farinas*, to act in good faith in that situation, the insurer must: (1) fully investigate all claims at hand to determine how to best limit the insured's liability; (2) seek to settle as many claims as possible within the policy limits; (3) minimize the magnitude of possible excess judgments against the insured by reasoned claim settlement; and (4) keep the insured informed of the claim resolution process. *Id.* However, the *Farinas* factors are irrelevant to the Court's analysis because Defendant refused to settle the Pinedo claim pending the outcome of the declaratory judgment action, not because it was dealing with multiple competing claims. (*See* Doc. 74, pp. 3, 7; Doc. 69-46; Doc. 69-48.)

### IV. Affirmative Defenses

Given that summary judgment is due to be granted in favor of GEICO on the breach of contract claim (Count One), Plaintiff's Motion for Summary Judgment on GEICO's first[6] and fourth[7] affirmative defenses (Doc. 67) is due to be denied as moot. Further, the Motion (Doc. 67) on GEICO's second affirmative defense[8] is due to be denied as premature. The Court will determine the amount of setoffs, if any, post-verdict. Finally, the Motion (Doc. 67) on GEICO's third affirmative defense[9] is due to be denied because the effect of Plaintiff's conduct and misrepresentations and reasonableness of GEICO's actions are issues for the jury.

### CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiffs' [sic] Motion for Summary Judgment on Count I (Breach of Contract), Reasonableness of Settlement, and Affirmative Defenses (Doc. 67) is to be **DENIED**.

2. GEICO's Motion for Summary Judgment (Doc. 69), filed August 2, 2014 is **GRANTED** in regards to the breach of contract claim (Count One) **AND DENIED** in regards to the bad faith claim (Count Two).

---

[6] GEICO's First Affirmative Defense: Plaintiff fails to state a cause of action upon which relief can be granted because the policy does not impose upon Defendant a duty to settle or a duty to unconditionally defend. (Doc. 38, ¶ 39.)

[7] GEICO's Fourth Affirmative Defense: Plaintiff was engaged in unclean hands and is therefore estopped from bringing its claims. (*Id.* ¶ 42.)

[8] GEICO's Second Affirmative Defense: Defendant is "entitled to a setoff for all sums paid in connection with the underlying civil action." (*Id.* ¶ 40.)

[9] Defendants Third Affirmative Defense: Plaintiff materially misrepresented the facts of the claim and, in doing so, denied Defendant a realistic opportunity to settle the claim. (*Id.* ¶ 41.)

    3.     The case will proceed to trial on the remaining bad faith claim (Count Two) during the December 1, 2014 trial term or as soon thereafter as it can be reached.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 7, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record