**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ANTONIO JAMES JIMENEZ,

        Plaintiff,

v.                                                              Case No. 6:10-cv-640-Orl-37KRS

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

        Defendant.

_____

## ORDER

This cause is before the Court on the following:

1.    Motion for Judgment as a Matter of Law, or in the Alternative, Motion for New Trial (Doc. 138), filed January 8, 2015; and

2.    GEICO's Response in Opposition to Plaintiff's Motion for Judgment as a Matter of Law, or in the Alternative, Motion for New Trial (Doc. 142), filed January 26, 2015.

Upon consideration, the Court finds that the Motion is due to be denied.

## BACKGROUND

On March 4, 2006, Antonio James Jimenez ("Plaintiff") caused a car accident, killing two people, including Pablo Pinedo—a working, Central Florida resident who was survived by a minor child that lived with his birth mother in Uruguay—and injuring others. (Doc. 132, pp. 3–7, 33–35; Doc. 133, pp. 49, 78.) At the time of the accident, Plaintiff was insured by Defendant Government Employees Insurance Company ("GEICO"). (Doc. 132, pp. 5–6.) Plaintiff originally lied about the circumstances surrounding the accident, which led GEICO to believe that its coverage may not apply. (*Id.* at 4–6, 102;

Doc. 133, pp. 27, 90–91, 138.) When GEICO learned of Plaintiff's misrepresentations in 2007, it filed an action in state court seeking a declaratory judgment that its policy did not provide coverage to Plaintiff for the accident (the "Dec Action"). (Doc. 133, pp. 138–40.)

While the Dec Action was pending, GEICO declined an offer to settle for policy limits of $10,000 by Pinedo's estate, which led the estate to file a wrongful death suit against Plaintiff (the "Underlying Action"). (Doc. 132, pp. 104–05; Doc. 133, pp. 21–22.) GEICO offered to defend Plaintiff in the Underlying Action under a reservation of rights, which Plaintiff rejected. (Doc. 132, pp. 24–26; Doc. 133, pp. 24–26.) Plaintiff then entered into a *Coblentz* agreement whereby he stipulated to a judgment in favor of Pinedo's estate that was ultimately entered against him in the amount of $1,000,000 (the "Agreement").[1] (Doc. 132, pp. 96–97; Doc. 133, pp. 63–65, 151; *see also* Doc. 124, p. 2 ("Defense Exhibit 11").) Thereafter, the state court in the Dec Action found that Plaintiff did not make "material" misrepresentations regarding the accident and thus GEICO was not permitted to deny coverage. (Doc. 123 ("Exhibit 16"); Doc. 132, p. 65.)

Per the Agreement, Plaintiff initiated this bad faith action against GEICO. (Doc. 132, p. 26; Doc. 133, p. 66.) On December 8, 2014, the case proceeded to trial where the jury was faced with two issues: (1) whether GEICO acted in bad faith in failing to defend Plaintiff in the Underlying Action; and (2) if so, whether the $1,000,000 Agreement was enforceable. Upon the conclusion of evidence and testimony, the jurors were asked two questions: (1) "[d]o you find by a preponderance of the evidence that

---

[1] In *Coblentz v. American Surety Company of New York*, the Fifth Circuit held that "if a liability insurer is informed of an action against its insured, but declines to defend the insured, the insurer may be held to a consent judgment entered in that action, absent fraud or collusion." 416 F.2d 1059, 1062–63 (5th Cir. 1969).

[GEICO] acted in bad faith by failing to settle the Pablo Pinedo wrongful death claim against its insured, Antonio James Jimenez?"; and (2) if so, "[d]o you find that the consent judgment entered into by Antonio James Jimenez was reasonable in amount and not tainted by bad faith, fraud, or collusion or without any effort to minimize liability?" (*See* Doc. 129.) The jurors answered "yes" to the first question and "no" to the second. (*Id.*) Accordingly, the Court entered judgment in favor of GEICO on December 11, 2014. (Doc. 130.)

On January 8, 2015, Plaintiff moved for judgment as a matter of law (JMOL) pursuant to Federal Rule of Civil Procedure 50(b), or, in the alternative, a new trial pursuant to Rule 59, arguing that the Agreement was reasonable as a matter of law. (Doc. 138.) GEICO responded (Doc. 142), and the matter is now ripe for the Court's adjudication.

## STANDARDS

A district court may enter JMOL when there is no legally sufficient evidentiary basis for a reasonable jury to find for a party on an issue. Fed. R. Civ. P. 50(a); *Pickett v. Tyson Fresh Meats, Inc.*, 420 F.3d 1272, 1278 (11th Cir. 2006). "[I]f there is a substantial conflict in the evidence, such that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions, the motion [for JMOL] must be denied." *Christopher v. Florida*, 449 F.3d 1360, 1364 (11th Cir. 2006) (citation and internal quotation marks omitted). The court may not weigh the evidence or decide the credibility of the witnesses and must view the evidence in the light most favorable to the nonmoving party. *Mich. Millers Mut. Ins. Corp. v. Benfield*, 140 F.3d 915, 921 (11th Cir. 1998).

Under Rule 50(a), a party may move for JMOL at the close of the evidence before

the case is submitted to the jury. "The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment." Fed. R. Civ. P. 50(a)(2). Once the jury has returned a verdict, a party may renew its motion for JMOL, but only on the grounds that it raised in its pre-verdict motion. Fed. R. Civ. P. 50(b); *Caban-Wheeler v. Elsea*, 71 F.3d 837, 842 (11th Cir. 1996); *Middlebrooks v. Hillcrest Foods, Inc.*, 256 F.3d 1241, 1245 (11th Cir. 2001); *see also Chaney v. City of Orlando, Fla.*, 483 F.3d 1221, 1227 (11th Cir. 2007) ("[A] party's motion for judgment as a matter of law can be granted at the close of evidence or, if timely renewed, after the jury has returned its verdict, as long as there is no legally sufficient evidentiary basis for a reasonable jury to find for the non-moving party.").

A Rule 50(b) motion is decided "the same way it would have been decided prior to the jury's verdict, and . . . the jury's particular findings are not germane to the legal analysis." *Chaney*, 483 F.3d at 1228. In ruling on a party's Rule 50(b) motion, "a court's sole consideration of the jury verdict is to assess whether that verdict is supported by sufficient evidence." *Id.* at 1227 (citation omitted). The Court must review all of the evidence in the record and draw all reasonable inferences in favor of the non-moving party. *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1192–93 (11th Cir. 2004).

A party that files a renewed motion for JMOL may move alternatively for a new trial. Fed. R. Civ. P. 50(b). The court may, "on motion, grant a new trial on all or some of the issues—and to any party— . . . for any reason for which a new trial has heretofore been granted in federal court." Fed. R. Civ. P. 59(a)(1)(A). The court may grant a motion for a new trial if it believes that the jury's verdict is against the clear weight of the evidence

or will result in a miscarriage of justice. *Searcy v. R.J. Reynolds Tobacco Co.*, No. 3:09-cv-13723, 2013 WL 4928230, *1 (M.D. Fla. Sept. 11, 2013) (quoting *Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d a1183, 1186 (11th Cir. 2001)); *Watts v. Great Atl. & Pac. Tea Co.*, 842 F.2d 307, 310 (11th Cir. 1988). On a motion for new trial, the court may consider the credibility of witnesses and may weigh the evidence. *Williams v. City of Valdosta*, 689 F.2d 964, 973 (11th Cir. 1982).

## DISCUSSION

Plaintiff does not contest the jury's verdict as to whether or not GEICO acted in bad faith; he does, however, move the Court to enter JMOL in his favor as to the reasonableness of the Agreement, arguing that GEICO failed to provide "sufficient evidence that would have allowed a reasonable jury to find for GEICO on the question of whether the *Coblentz* agreement was unreasonable or a product of bad faith, fraud, collusion or without any attempt to limit liability." (Doc. 138, p. 1.) In response, GEICO argues that it elicited testimony through cross-examination, evidence sufficient to prove that the Agreement was unreasonable in amount or not made in good faith. (Doc. 142.)

When an insured seeks to recover under a *Coblentz* agreement, he must prove three things: (1) the insurer wrongfully refused to defend him in the underlying state court action; (2) the insurer had a duty to indemnify the insured; and (3) the *Coblentz* agreement between the insured and the plaintiff in the underlying suit was reasonable and made in good faith. *Stephens v. Mid-Continent Cas. Co.*, 749 F.3d 1318, 1322 (11th Cir. 2014). The claimant has the burden to make a prima facie showing that the *Coblentz* agreement was reasonable and made in good faith, "even though the ultimate burden of proof will rest upon the carrier." *Chomat v. N. Ins. Co. of N.Y.*, 919 So. 2d 535, 537

(Fla. 3d DCA 2006) (citation omitted); *see also Stephens*, 749 F.3d at 1322. Thus, here, GEICO had the ultimate burden to prove by a preponderance of the evidence that the Agreement was either unreasonable in amount or not made in good faith. *Mid-Continent Cas. Co. v. Am. Pride Building Co., LLC*, 534 F. App'x 926, 927–28 (11th Cir. 2013).

To satisfy its initial burden of making a prima facie showing of reasonableness and good faith, Plaintiff offered the testimony of two witnesses—James Cunningham, who represented Pinedo's estate in the Underlying Action, and David de Armas, an expert witness—who both testified that the $1,000,000 Agreement amount was reasonable. (*See* Doc. 132, pp. 49–69; Doc. 133, pp. 60–68.)

Contrary to Plaintiff's argument, GEICO was not then obligated to call witnesses or introduce exhibits to satisfy its burden of proof; evidence may be elicited just as effectively through cross-examination. Through cross-examination of Plaintiff's witness, GEICO established the following: (1) the Agreement was entered into without having conducted discovery (Doc. 132, p. 70); (2) Cunningham and Plaintiff's attorney would both be compensated from the $1,000,000 Agreement if the jury found in favor of Plaintiff (*id.* at 71); (3) the Agreement was drafted by Plaintiff's counsel (*id.* at 70); (4) in exchange for entering into the Agreement and filing the bad faith action against GEICO, Pinedo's estate would never seek to collect the $1 million from Plaintiff (*id.* at 73); (5) the parties to the Underlying Action never inquired into or established how much Pinedo spent on his personal consumption (rent, expenses, money in his savings account, etcetera) in order to properly estimate his net accumulations and value his estate (*id.* at 74–75; Doc. 133, p. 76); and (6) Pinedo had never met his minor child in Uruguay and had never sent him any money for support (Doc. 132, pp. 74, 76; Doc. 133, pp. 77–78).

Where the evidence is in conflict, whether the Agreement was reasonable or entered into in good faith is for the jury to determine. *See Mid-Continent Cas. Co.*, 534 F. App'x at 927–28. It is evident from the record that the parties considered the central issue in the case to be the controversy over whether GEICO's claim handling of the Underlying Action was in bad faith. The corollary question of the reasonableness of the Agreement was given less attention in the presentation of evidence from both sides but was certainly contested. Accordingly, the issue was properly presented to the jury and the question now before the Court is whether there is a legally sufficient evidentiary basis for a reasonable juror to find in favor of GEICO on this issue. Perhaps the jury felt that the investigation into Pinedo's net worth was inadequate, the evidence of the lawyers' potential for compensation was problematic, the fact that the Agreement was drafted by Plaintiff's counsel was questionable, the fact that Pinedo had little or no relationship (financial or otherwise) with his minor child was important, the effort to limit liability was insufficient, or the amount of the judgment was too large; or perhaps it was some combination thereof that the jury found to be determinative. Whatever it may have been, the record contains evidentiary support for each possibility and, viewing the evidence in the light most favorable to the nonmoving party, the Court cannot find that no reasonable juror could resolve the conflict in evidence on this issue in favor of GEICO. Because the verdict is supported by sufficient evidence, the Court will not "second-guess the jury or substitute [its] judgment" for that of the jury's. *See Skye v. Maersk Line, Ltd. Corp.*, 751 F.3d 1262, 1265 (11th Cir. 2014); *see also George v. GTE Directories Corp.*, 195 F.R.D. 696, 698 (M.D. Fla. 2000) ("The trial judge may not re-weigh the evidence, make credibility determinations or substitute its judgment for that of the jury."). Accordingly,

Plaintiff's Motion for JMOL is due to be denied.

Alternatively, Plaintiff moves for a new trial, arguing that question two of the verdict was a violation of the "two-issue rule."[2] (Doc. 138, pp. 17–20.) This argument is not well-taken. Under the "two-issue rule," "an appellate court will not grant a new trial where the jury has rendered a general verdict and the appellate court finds no error as to one of the theories on which the jury was instructed." *Royal Typewriter Co., a Div. of Litton Bus. Sys., Inc. v. Xerographic Supplies Corp.*, 719 F.2d 1092, 1098 (11th Cir. 1983). The Eleventh Circuit has specifically found that question two of the verdict form—"Do you find the consent judgment entered into by [Antonio James Jimenez] was reasonable in amount *and* not tainted by bad faith, fraud, collusion or without any effort to minimize liability?"—is an accurate statement of Florida law and has upheld the use of the question as a *special* verdict form interrogatory. *Mid-Continent Cas. Co.*, 534 F. App'x at 928. (upholding use of the Special Verdict Form Interrogatory and explaining that "Florida law could not be clearer as to the elements necessary to enforce a consent judgment. Subsequent to the entry of the agreement, the injured party must bring an action against the insurer and prove coverage, wrongful refusal to defend, and that the settlement was reasonable *and* made in good faith."). The "two-issue rule" is inapplicable here for multiple reasons, not the least of which is because the question is not a general verdict question. The special interrogatory question on the verdict form has specifically been approved by

---

[2] Aside from the "two-issue rule," Plaintiff does not assert any other grounds in support of its motion for a new trial. (*See* Doc. 138, pp. 17–20.) At the conclusion of his argument, he briefly suggests that a new trial is warranted because question two of the verdict form regarding the enforceability of the Agreement contained "ambiguous language." (*Id.* at 19–20.) The Eleventh Circuit, however, has expressly upheld this exact verdict language; thus, the Court is unpersuaded. *See Mid-Continent Cas. Co.*, 534 F. App'x at 928.

the Eleventh Circuit for use in bad faith claims involving *Coblentz* agreements. *See id.*[3]

Plaintiff's argument is unavailing and a new trial is not warranted on the grounds raised

in the motion.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for

Judgment as a Matter of Law, or in the Alternative, Motion for New Trial (Doc. 138) is

**DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 28, 2015.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

---

[3] Although this case is unpublished and is therefore not binding precedent, *see* http://www.ca11.uscourts.gov/opinions, the Court finds its analysis and conclusions persuasive.